**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 20-CR-00175-009** |
| | : | **The Hon. Amy Berman Jackson** |
| **ANDRE NICKENS,** | : | **Sent. Date: March 7, 2022** |
| | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Andre Nickens, by and through his counsel, Brian K. McDaniel and The Cochran Firm, CDCS, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On November 5, 2021 Defendant Andre Nickens appeared before this Court and entered a plea of guilty to Count One of the Superseding Indictment, charging him with Conspiracy to Distribute More than 100 Kilograms of Marijuana and a Detectable Amount of both Oxycodone and Codine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § (b)(1)(B)(vii), 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 846. The conduct outlining Mr. Nickens' participation in the conspiracy with which he was originally charged is outlined in paragraphs 15 through 114 of the Presentence Investigation Report.[1]

---

[1] While this portion of the report is extensive, the paragraphs related to the activity of Mr. Nickens is limited as he has been identified as a low-level street distributor of narcotics within the conspiracy. A review of the entirety of the "Offense Conduct" portion of the report reveals the low-level position which Mr. Nickens inhabited and the influence that other high-ranking members of the group had upon him given his age and his limited physical stature.

Mr. Nickens will now appear before this Court to be sentenced. The central issue before the Court then is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case.  See 18 U.S.C. § 3553(a). Mr. Nickens respectfully submits that a sentence of 60 months of imprisonment followed by a three-year period of supervised release would satisfy the §3553 criteria in this case.  In support of this sentencing recommendation, Mr. Nickens asks this Court to consider the following: (1) prior to his arrest, Mr. Nickens did not have any other adult convictions and that he falls within Criminal History Category I; (2) as outlined in the presentence investigation report, Defendant is the father of a two year old son for whom he wishes to provide financial and emotion support; (3) Defendant made many of the decisions which have resulted in his present exposure in the throws of his drug addiction which resulted in his daily use of marijuana and Percocet. In light of these and other factors discussed herein, counsel respectfully requests that this Court sentence Mr. Nickens to a period of incarceration of 60 months to be followed by 3 years of supervised release.

## I.      The Advisory Sentencing Range

The Presentence Investigation Report outlines the proposed offense level calculation at paragraphs 138 - 150 of the report. The parties agree that the guidelines for 21 U.S.C. §841(a)(1) are determined by USSG §2D1.1 and the mandatory minimum sentence applicable to the count for which Mr. Nickens has accepted responsibility is 60 months. In that Mr. Nickens' criminal history calculation results in a criminal history score of one point, he finds himself in criminal history category I.  As a result, Mr. Nickens agrees that the calculated guideline range of 70 to 87 months is accurate.

## II.     The Other § 3553 Factors

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to:  (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 60-month sentence which Mr. Nickens humbly asks this Court to consider.

### A.     *The nature and Circumstances of Mr. Nickens' Offense*

Defendant is clear that this court is concerned about the facts which underlie the count of conviction in this matter and the expansive nature of the allegations attending the conspiratorial effort. Given the absence of any previous meaningful period of incarceration, the nearly one-year period that Mr. Nickens has spent in the District of Columbia Jail and

the Lewisburg FCI has already highlighted the importance of compliance with the law and the reality that, a failure to so comply, can result in his being removed from the community and the family in which he is so heavily invested. The factual statements which have been proffered by the government in support of the change of plea and which are restated in the presentence investigation report evidence the relatively low position which Mr. Nickens maintained in the agreement. As this Court is well aware, in this and other agreements to sell narcotics like it, the individuals who are responsible for the acquisition and wholesale distribution of the narcotics reap greatest financial rewards, while individuals who are at the lower end of the conspiratorial spectrum are left to do the more difficult (and dangerous) work of distributing the drugs either on the street or, like here, using social media accounts which are easily traced to their owners. While Mr. Nickens accepts responsibility for the role that he played in the criminal effort, it should be noted that he did not benefit in any appreciable way from his participation other than to have some marginal ability to support his fledgling family and to address is all consuming drug addiction.    This being said, the 60-month sentence which is being requested by the Defendant is sufficient to meet the 18 U.S.C. §3553 factors outlined above.

      **B.**    ***The History and Characteristics of Mr. Nickens***

The history and characteristics of Mr. Nickens support the sentence which the Defendant through his counsel requests this Court to adopt. While Mr. Nickens appears to have been well cared for by his mother during his formative years, his having not completed high school or acquiring his General Education Diploma has resulted in limited employment options for the Defendant. This factor in conjunction with the drug habit which he progressively developed resulted in a circumstance which made him particularly

susceptible to the seeming propriety of the prospect of the financial wherewithal promised by membership in the conspiracy. Additionally, and by all reports made to this Counsel, Mr. Nickens has attempted to improve the circumstance of his minor child by providing both emotional and financial support to his son. He remains concerned about the negative effects that his prolonged absence from his son's life will have on his progression and hopes to return to the community as soon as possible so as to make less likely his son's cyclical participation in illegal activity. Counsel submits that the sentence which is requested takes into consideration the amount of time Congress has determined would be sufficient to address the punitive and rehabilitative nature of any sentence which should be imposed for the commission of the crime for which Mr. Nickens has accepted responsibility. Respectfully, Counsel has spent time with Mr. Nickens and found him to be a dynamic and engaging young man who, with the correct guidance and training, could be a productive member of society. Mr. Nickens has a great deal of potential and a sentence of any more than the 60 months which is being suggested by the Defense would neither benefit Mr. Nickens or the community to which he will return.

We respectfully submit that these considerations, and the entirety of Mr. Nickens' history and personal characteristics, weigh in favor of the sixty-month sentence which has been proposed.

**C.**     ***The Need to Provide Restitution to Any Victims***

Restitution does not appear to be a consideration in this matter.

**D.**     ***The Purpose of Federal Sentencing***

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range.

The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Mr. Nickens respectfully asks this Court to impose a sentence of 60 months of imprisonment, followed by a three-year period of supervised release.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Nickens understands that he has been convicted of a serious felony offense. He is ashamed of his conduct which has resulted in him being exposed to the sentence which the court is currently contemplating. He respectfully submits that the sentence proposed by the Defense provides "just punishment" for his conviction, when the Court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." Sixty months of incarceration will send a clear message of deterrence to any one who might consider the commission of a similar offense. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." In light of the very real and extended sentence that Mr. Nickens is facing, and the affect his absence has and will have upon both he and his family, he is as deterred from criminal activity as he could possibly be. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Andre Nickens presents before the Court prepared to be sentenced. We respectfully submit that a sentence of sixty-months is fully consistent with

the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.
The Cochran Firm CDCS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793

*Counsel for Andre Nickens*